AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>HENRY RANDLE | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case No.    20cr80 "I"<br>USM No.    07138-509<br><br>Annalisa Miron<br>Defendant's Attorney |

## THE DEFENDANT:

☒ admitted guilt to violation of condition(s)    Mandatory Conditions, Special Condition No. 3, and Standard Condition Nos. 8 and 10    of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation |
|---|---|
| Mandatory Conditions | On March 31, 2025, Randle reported to the probation office as instructed. During this meeting, Randle provided a urine specimen, which produced a positive result for the use of marijuana. He acknowledged use and signed an "Admission of Use" form.<br>On October 23, 2025, Randle submitted a drug test to the U.S. Probation Office, which produced a positive result for the use of amphetamine, methamphetamine, and fentanyl. He denied use. On October 31, 2025, Alere Toxicology Services confirmed the positive use of amphetamine, fentanyl, and methamphetamine. |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: ___4180___

Defendant's Year of Birth: ___1956___

City and State of Defendant's Residence:

Covington, Louisiana

May 20, 2026
Date of Imposition of Judgment

_____
Signature of Judge

Lance M. Africk, United States District Judge
Name and Title of Judge

May 20, 2026
Date

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment—Page    2    of    6

DEFENDANT:        HENRY RANDLE
CASE NUMBER:    20cr80 "I"

# ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation |
|---|---|
| Special Condition No. 3 | On January 16, 2026, a review of Randle's restitution payment record revealed that he is $3,198.89 in arrears. On December 3, 2025, Randle made a payment of $157.96. The last payment made through the Treasury Offset Program (TOP) was on April 3, 2026, in the amount of $135.46, leaving a joint-and-several restitution balance of $6,772.28. |
| Mandatory Conditions | On January 29, 2026, Randle reported to the U.S. Probation Office and submitted a drug test, which produced a positive result for the use of methamphetamine. He denied use. On February 14, 2026, Alere Toxicology Services confirmed the positive use of amphetamine/methamphetamine. |
| | On February 3, 2026, Randle submitted a drug test at Florida Parishes Human Service Authority. On the same date, Randle admitted to personnel at Florida Parishes Human Service Authority that he used methamphetamine ten days before his scheduled appointment. On February 11, 2026, the Albuquerque Laboratory confirmed the positive use of amphetamine. On March 1, 2026, Randle was arrested by law enforcement officers with the St. Tammany Parish Sheriff's Office for multiple offenses: L.R.S. 32:357-Windshield Required, L.R.S. 32:361.1-Illegal Window Tint, L.R.S. 14:00-Fugitive, L.R.S. 40: 1023C- Possession of Drug Paraphernalia, and L.R.S. 40:967C- Possession of Schedule II (Cocaine). The fugitive charge stemmed from a warrant issued by the Court on February 25, 2026, due to Randle's positive use of amphetamine and methamphetamine. Randle then appeared in the 22nd Judicial District Court on March 2, 2026, for a bond hearing, at which time his bond was set at $7,500, under Case Number 72-2026-00488. |
| | According to the St. Tammany Parish Sheriff's Office Incident Report Number 2026-001814, on Sunday, March 1, 2026, at approximately 11:55 a.m., an officer observed Randle driving a silver 2009 Honda Accord on Highway 59 with a cracked windshield and a missing passenger side mirror. A traffic stop was initiated. The officer made contact with the driver of the vehicle, Henry Randle, and his three occupants. After a National Crime Information Center (NCIC) search, the officer learned that Randle had an active federal warrant and instructed all parties to exit the vehicle. A search of the vehicle revealed two marijuana grinders in the center console, multiple altered plastic straws, burnt aluminum foil throughout the front portion of the vehicle, and a small bag containing a powdered substance on the front passenger-side floorboard. The powered substance yielded a presumptive positive for cocaine. Randle and his occupants denied ownership of the cocaine. |
| Standard Conditions Nos. 8 and 10 | Moreover, the St. Tammany Parish Sheriff's Office Incident Report Number 2026-001814 states that, on Sunday, March 1, 2026, at approximately 11:55 a.m., an officer conducted a search of Randle's car during a traffic stop. During the search, the officer discovered a small black bag in the back seat area of the vehicle, which was reported to be in the possession of Randle's passenger, Randall James Balser Jr. Upon opening the black bag, the officer found a black Sig Sauer P239 handgun with one black magazine containing three 40 caliber rounds and one in the chamber. Subsequently, Randall James Balser Jr. was charged with multiple offenses, specifically, L.R.S 19:95.1, Possession of a firearm by a convicted felon. |
| Mandatory Conditions | On March 1, 2026, Randle was found to be in possession of cocaine. |
| | On April 24, 2026, a Bill of Information was filed by the 22nd Judicial District of the St. Tammany Parish, under Case Number 2273-M-2026, charging Randle with Count One: L.R.S. 40:1023.C - Prohibited Acts and L.R.S. 40:1025.A(1) – Drug Paraphernalia, Count Two: L.R.S. 32:357- Adequate Windshield Required, and Count Three: L.R.S. 32:361.1.B and L.R.S. 32:57 – Obscuring View Outward or Inward through Windshield or Windows. |
| | On April 29, 2026, Randle pled guilty to Count One: R.S. 40: 1023. C – Prohibited Acts and 40:1025. A (1) - Drug Paraphernalia. He was sentenced to serve fifteen days in the St. Tammany Parish Jail, with credit for time served. Counts Two and Three were nolle prossed. |

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page    3    of    6

DEFENDANT:         HENRY RANDLE
CASE NUMBER:       20cr80  "I"

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

4 months.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                        Sheet 3 — Supervised Release

Judgment—Page    4    of    6

DEFENDANT:          HENRY RANDLE
CASE NUMBER:        20cr80 "I"

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

   32 months.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
     ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

Judgment—Page ___5___ of ___6___

DEFENDANT:        HENRY RANDLE
CASE NUMBER:      20cr80 "I"

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3D — Supervised Release

Judgment—Page    6    of    6

DEFENDANT:        HENRY RANDLE
CASE NUMBER:    20cr80 "I"

## SPECIAL CONDITIONS OF SUPERVISION

1) **Financial Disclosure:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

2) **Financial Restriction:** The defendant shall not apply for, solicit, or incur any further debt, including but not limited to loans, lines of credit, or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

3) **Drug Abuse Outpatient Treatment and/or Testing:** The defendant shall participate in an approved outpatient treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is capable. While under supervision, the defendant shall submit to random urinalysis testing.

4) **Payment of Fine/Restitution/CJA:** The defendant shall pay any fine/restitution/CJA fee imposed by this judgment.

5) **Cognitive Programming:** The defendant shall participate in an approved cognitive behavioral therapeutic treatment program and abide by all supplemental conditions of treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is capable.